

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2007

# DiGiovanni v. NJ Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4734

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"DiGiovanni v. NJ Dept Corr" (2007). *2007 Decisions.* Paper 1084.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1084

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-219                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4734
_____

MARCO VINCENT DIGIOVANNI,
                                                Appellant,

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS; D. DUDICH, Lieutenant; JASON
SMITH, Senior Correctional Officer; K.R. NEWSOM, Sergeant; MCEAVEY, Senior
Correctional Officer; CORRECTIONAL MEDICAL SERVICES (C.M.S.); MARY
THOMAS, Nurse Practitioner; LAYDEN, Special Investigations Division; J.W.
OSZVART, Hearing Officer; ROY L. HENDRICKS, Administrator; HUGH
DOWNING; JAMES BARBO, Director/Division of Operations; DEVON BROWN,
Commissioner; and JOHN & JANE DOES 1-100
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-02060)
District Judge: Honorable Joel A. Pisano

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 3, 2007

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges

(Filed:  May 18, 2007)
_____

OPINION
_____

PER CURIAM

        Marco Vincent DiGiovanni appeals from the District Court's grant of summary

judgment in favor of Appellees.  Because we determine that the appeal is lacking in

arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

On May 3, 2004, while incarcerated at New Jersey State Prison, DiGiovanni filed a complaint in the District Court pursuant to 42 U.S.C. § 1983. The defendants are Lieutenant Donald Dudich, Sergeant Kevin Newsom, and Senior Corrections Officers Jason Smith and McEavey; all other claims and defendants were dismissed from the action by an earlier District Court order. DiGiovanni alleges that on or about May 2, 2002, the Appellees acting in concert assaulted him in retaliation for filing a grievance against a corrections officer. (Compl. at 5-7.) He seeks an order preventing the prison from transferring him except upon his request, and awarding, inter alia, punitive and compensatory relief for injuries to his person and property.

Appellees' answer, filed on May 2, 2005, asserted DiGiovanni's failure to exhaust administrative remedies as an affirmative defense. (Ans. at 7.) On August 30, 2006, the District Court granted summary judgment for the Appellees, dismissed the matter without prejudice, and closed the case.[1] DiGiovanni filed a timely notice of appeal.

Our review of the record makes clear that DiGiovanni's appeal lacks any arguable basis in law. "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any . . . prison . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This rule means that "prisoners seeking relief in

---

[1]Although the District Court properly dismissed this matter without prejudice, the orders appealed from are final for purposes of our exercise of jurisdiction under 28 U.S.C. § 1291. See Nyhuis v. Reno, 204 F.3d 65, 68 n.2 (3d Cir. 2000). Our review is plenary. See Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004).

federal court must first exhaust the administrative remedies available at the prison level," Williams v. Beard, – F.3d –, 2007 WL 973953, *2 (3d Cir. Apr. 3, 2007)(citing Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006)); see also Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004)(prisoner must exhaust grievance process "before coming to federal court"), including the remedies supplied in the New Jersey Department of Corrections Inmate Handbook. Concepcion v. Morton, 306 F.3d 1347, 1355 (3d Cir. 2002). The procedure called for by the Inmate Handbook requires the filing of a remedy form and, if necessary, a subsequent appeal.

When DiGiovanni filed his complaint on May 3, 2004, he had not yet begun to pursue his administrative remedies. In concluding that DiGiovanni's action was barred by his failure to exhaust available remedies, the District Court noted that he did not file his remedy form with the prison until more than two years later, on May 20, 2006. He did not complete the grievance process until approximately June 26, 2006. Because he had not exhausted his remedies within the prison before coming to this Court, DiGiovanni could not proceed with this action in federal court. See 42 U.S.C. § 1997e(a); Woodford, 126 S. Ct. at 2382-83.

This complaint is indisputably barred by DiGiovanni's failure to exhaust available administrative remedies, so we will dismiss his appeal under § 1915(e)(2). DiGiovanni's motion for appointment of counsel is denied.

3